# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

PAULETTE S. GARDNER, )
      )
  Plaintiff, )
      )
  v. ) No. 05-0464-CV-W-DW
      )
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
      )
  Defendant. )

# ORDER

Paulette S. Gardner appeals the denial of her application for supplemental security income. See 42 U.S.C. §§ 1381-1383. After a hearing, an ALJ found that Gardner was not under a "disability" as defined in the Social Security Act. The ALJ's decision is the final decision of the Commissioner. Because the record sufficiently supports the ALJ's findings, the decision is affirmed.

This Court reviews whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004). Substantial evidence is less than a preponderance, but enough that a reasonable mind finds adequate to support the ALJ's determination. See id. at 805. The Court considers "evidence that supports the ALJ's decision as well as evidence that detracts from it, but even if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence on the record as a whole." Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).

The facts and arguments are presented in the parties' briefs and are repeated here only in

part. Gardner particularly argues that her psychological impairments meet the Affective Disorders listing. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04. She points out that the ALJ did not specifically consider the listing. However, as the Court of Appeals has stated, "Although it is preferable that ALJs address a specific listing, failure to do so is not reversible error if the record supports the overall conclusion . . . ." Pepper v. Barnhart, 342 F.3d 853, 855 (8th Cir. 2003); see also Dunahoo v. Apfel, 241 F.3d 1033, 1037 (8th Cir. 2001); Briggs v. Callahan, 139 F.3d 606, 609 (8th Cir. 1998). Here, substantial evidence on the record does support the overall conclusion.

Gardner contends that the evidence in the record shows that she meets the requirements of subsection A and B of the Affective Disorders listing. As relevant here, subsection A requires that a claimant have medically documented persistence of depressive syndrome with at least four of nine characteristics. Gardner asserts she suffers from four of those characteristics: psychomotor agitation, anhedonia, feelings of guilt or worthlessness, and difficulty concentrating or thinking. Regardless of the relative weight given different physicians' testimony, the record does not support Gardner's argument. She argues that "Dr. Israel noted that Gardner's scores fell below average in all areas of intellectual functioning, indicating psychomotor agitation." But Dr. Israel made no mention of psychomotor agitation. As for feelings of guilt or worthlessness, while Dr. Israel noted that Gardner "claims to feel helpless and worthless," she also "tended to exaggerate and at times appeared to be embellishing her weak points." Further, Gardner does not identify any record evidence of anhedonia. In sum, the record does not reflect two or three of the asserted subsection A characteristics. The Court concludes that failure to explicitly consider the Affective Disorders listing is not reversible error. See Pepper, 342 F.3d at 855.

The Court further finds that substantial evidence supports the ALJ's credibility determination. In discounting Gardner's testimony, the ALJ adequately applied <u>Polaski v. Heckler</u>, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ properly considered, for example, Gardner's use of only over-the-counter pain medication, evidence that she exaggerates symptoms, her sporadic work history, and daily activities arguably inconsistent with subjective complaints of symptoms.

After careful examination of the record—including the briefs, the ALJ's decision, the transcript of the hearing, and additional medical and documentary evidence—this Court concludes that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Gardner's application for benefits is AFFIRMED.

SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

Date: <u>November 22, 2005</u>